ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO.   5:09CR534 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| JONATHAN PHILLIPS, ) | |
| ) | SENTENCING MEMORANDUM |
| Defendant. ) | |
| ) | |

**I. Introduction**

Defendant Jonathan Phillips was indicted on December 15, 2009 on three counts, including receipt and distribution of child pornography. On February 25, 2010, this Court accepted Phillips' guilty plea and found him guilty of all three counts in the indictment. Phillips then appeared before this Court for sentencing on July 27, 2010. This memorandum will serve to supplement the Court's oral pronouncement of sentence.

Initially, the Court notes that Phillips has raised the same challenges to the child pornography guidelines that this Court has previously rejected. *See United States v. Cunningham*, 680 F.Supp.2d 844 (N.D.Ohio 2010). The Court is also aware that differing views regarding the validity of these Guidelines continue to be present within the judiciary. *See United States v. Diaz*, 2010 WL 2640630 (E.D.Wis. June 30, 2010) (criticizing *Cunningham* and the Guidelines before imposing a six-month sentence that constituted a downward variance of 72 months from the Guidelines). The Court continues to adhere to its prior opinion, adopts the rationale of *Cunningham* herein, and finds that the Guidelines are entitled to deference.

Furthermore, consistent with *Cunningham*, this Court notes that it would have imposed the sentence herein even without giving any deference to the Guidelines.

Based upon the above, the Court rejects any objections to the calculation of the Guideline range and the range is established as the statutory maximum.

**VII. Variance and § 3553(a) Factors**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in exercising its judgment to determine an appropriate sentence and must offer a reasoned explanation for the sentence.  Based upon those factors, the Court finds that a variance is appropriate under the facts presented in this matter.

In reaching its conclusion, the Court considered the nature and circumstances of the offense and the history and characteristics of the defendant.  The Court must also review the need for the sentence imposed: a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; b) to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant; and c) to provide the defendant with needed educational or vocational training, medical care, and/or other correctional treatment in the most effective manner.

While the Court rejected any objections to the Guidelines, the Court finds merit in the underlying rationale of one of Phillips' arguments.  That underlying rationale supports a downward variance in this matter.

Before his acceptance of responsibility, Phillips' crime was an offense level 40.  With his criminal history category of IV, Phillips' Guideline range was 360 months to life.  Granting Phillips a 3-level deduction for acceptance of responsibility led to a Guideline range of 292 months

to 365 months.  It was only after this adjustment that Phillips' range was then adjusted to the statutory maximum of 240 months.   As a result of this method of calculating the Guideline range, Phillips effectively received no tangible benefit from his acceptance of responsibility – with or without a guilty plea, Phillips' Guideline range was the statutory maximum.

There is no doubt that there are defendants that deservedly have a Guideline range of the statutory maximum regardless of any acceptance of responsibility.  Having reviewed the images for which Phillips was indicted and witnessed his remorse in open court, Phillips is not such an individual.  It was clear to the Court that Phillips has suffered with an affinity for child pornography since his early teenage years.  Despite growing older, Phillips has continued to show a strong desire for young girls, especially those ranging in age from ten to twelve.  During his sentencing, Phillips demonstrated a great deal of shame and remorse for his actions and candidly admitted that he was in need of help from a third party to correct his life.  As such, he presented as individual amenable to rehabilitation and therefore perhaps a lower risk to reoffend.

In addition, the Court finds that under the circumstances, a range that would grant Phillips some relief for his acceptance of responsibility is particularly appropriate.  When he accepted responsibility, Phillips acknowledged conduct far broader than the conduct that was known to the Government.  Phillips admitted to possessing and trading between 3,000 and 20,000 images.  At that time, the Government could not have proven possession of more than 1,060 images. Furthermore, Phillips admitted his long-term involvement with child pornography, dating back more than a decade.  In other words, Phillips cried out for help as soon as the Government became involved in his life.

Based upon his open and frank discussions with the Government and the Court, coupled

with the Court's review of Phillips' images, the undersigned cannot find that the statutory maximum is appropriate in this case. Phillips' collection was not the largest presented to the Court, nor were the images the worst of the worst. As such, the statutory maximum is not justified herein.

However, as the Court has explained before, child pornography is a particularly heinous crime. While the Court was again given the benefit of numerous victim impact statements, it is disheartening to say the least that many of the images recovered from Phillips consisted of unidentified children. Such a fact is just one more sad reminder that this epidemic is continuing to spread and more victims are created each and every day.

Accordingly, the Court finds that a sentence that grants Phillips some benefit from his acceptance of responsibility is appropriate. Moving down three levels from what would be Phillips' Guideline range after an adjustment for the statutory maximum (Level 34) would lead to a Guideline range of 151 to 188 months (Level 31, Category IV). Based upon my review of all the § 3553(a) factors and taking into account the sentences of other offenders before this Court, a sentence of 160 months is appropriate for Phillips.

During sentencing, the Court provided further rationale for Phillips' downward variance and overall sentence. The Court will not review that rationale herein, nor will the Court state herein the remaining terms of Phillips' sentence. Instead, this will merely serve to supplement the Court's prior oral statements.

       IT IS SO ORDERED.

|  August 10, 2010  |     /s/John R. Adams     |
|---|---|
| Date | JOHN R. ADAMS<br>UNITED STATES DISTRICT JUDGE |